UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK JAMES KELSEY,** | **2:25-CV-11575-TGB-CI** |
| Petitioner, | |
| | HON. TERRENCE G. BERG |
| vs. | |
| | **ORDER DENYING THE** |
| **JEFF TANNER,** | **PETITION FOR A WRIT OF** |
| | **HABEAS CORPUS** |
| Respondent. | |

Petitioner Patrick James Kelsey, confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 through counsel, John A. Vos. ECF No. 1. Kelsey challenges his sentence for two counts of second-degree criminal sexual conduct (victim under 13, defendant over 17) (CSC II), Mich. Comp. Laws § 750.520c(2)(B). Kelsey was sentenced to concurrent sentences of 8 to 15 years in prison.

For the following reasons, the petition for a writ of habeas corpus will be **DENIED**.

## I.  Background

Kelsey was originally charged with one count of first-degree criminal sexual conduct, three counts of second-degree criminal sexual conduct, and one count of assault with a deadly weapon. The charges

arose from Kelsey sexually molesting his two nieces, AK and JB.[1] Pursuant to a plea bargain with the Isabella County Prosecutor, Kelsey pleaded no-contest to two counts of second-degree criminal sexual conduct, in exchange for the dismissal of the three other charges, including the first-degree criminal sexual conduct charge, which carried a mandatory minimum sentence of 25 years in prison and a maximum sentence of life in prison.[2]

Kelsey's sentencing guidelines for his minimum sentence were scored at 43–86 months. The judge, however, departed above the sentencing guidelines range and sentenced Kelsey to concurrent sentences of 8–15 years in prison.

Kelsey, through appellate counsel, filed a motion to correct sentence and for a resentencing. Appellate counsel argued that several offense variables under the Michigan Sentencing Guidelines had been incorrectly scored, that trial counsel was ineffective for failing to object, and that the trial judge had no basis to depart above the sentencing guidelines range.

---

[1]     Because the victims were minors at the time of the offenses, the Court will refer to them by their initials only to preserve their privacy. *See* Fed. R. Civ. P. 5.2(a).

[2]     Under Michigan law, a person convicted of first-degree criminal sexual conduct under the age of 13 shall be sentenced to a mandatory minimum sentence of 25 years in prison and a maximum sentence of up to life in prison. Mich. Comp. Laws § 750.520b(2)(b). *See also People v. Roy,* 12 N.W.3d 183, 190 (Mich. Ct. App. 2023).

A hearing was conducted on the motion to correct sentencing on December 15, 2023. The judge agreed with both defense counsel and the prosecutor that offense variables ("OV") 9 and 11 had been incorrectly scored, changing the guidelines for the one victim, AK, to 36 to 71 months but leaving the sentencing guidelines of 43 to 86 months unchanged for the second victim, JB. The judge still found it appropriate to impose a sentence above the sentencing guidelines range.

Kelsey's sentence was upheld. *People v. Kelsey,* No. 369488 (Mich. Ct. App. Mar. 1, 2024); *lv. den.* 514 Mich. 877, 8 N.W.3d 605 (2024).

Kelsey seeks habeas relief on the following grounds:

I. The trial court violated Kelsey's constitutional right to due process of law by scoring offense variable 11, and trial counsel was ineffective for failing to object to the scoring of this variable.

II. The trial court violated Kelsey's right to due process of law when the trial court based its sentence in part on the claim that Kelsey cut his victims.

ECF No. 1.

## II.   Standard of Review

Section 2254(d) of Title 28 of the United States Code, as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to

obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

### III. Analysis

The Court discusses Kelsey's two claims together because they are interrelated. Kelsey in his first claim alleges that the trial court erred in scoring 25 points for sexual penetration under OV 11 of the Michigan Sentencing Guidelines because there was no evidence that he sexually penetrated either victim. Kelsey further argues that trial counsel was ineffective for failing to object to the scoring of OV 11. Kelsey further argues in his second claim that the judge had no basis to depart above the sentencing guidelines range and did so in part based on inaccurate information that Kelsey had cut the victims with a knife, when there was no evidence that he did so.

State courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (Roberts, J.)

("[W]ide discretion is accorded a state trial court's sentencing decision."). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.).

Kelsey's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it asserts a violation of state law. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Kelsey has "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009) (Battani, J.). Accordingly, the claim is not cognizable and cannot form the basis for granting habeas relief.

Kelsey's related claim that the state trial court improperly departed above the sentencing guidelines range would not entitle him to habeas relief because such a departure does not violate any of Kelsey's federal due process rights. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *see also Baker v. Barrett,* 16 F. Supp. 3d 815, 837 (E.D. Mich. 2014) (Rosen, C.J.) ("Petitioner's claim that the court improperly scored or departed from the guidelines range raises issues of state law that are not

6

cognizable on habeas review.") (collecting cases); *Drew v. Tessmer,* 195 F. Supp. 2d 887, 889–90 (E.D. Mich. 2001) (Tarnow, J.). "[I]n short, [Kelsey] had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (Gadola, J.). Any error by the trial court in departing above Kelsey's sentencing guidelines range alone would not merit habeas relief. *Id.* This is particularly so in light of the fact that even if the judge departed above the sentencing guidelines range on the minimum sentence, Kelsey's maximum sentence of fifteen years was within the statutory range for the offenses of which he was convicted. *See Simpson v. Warren*, 662 F. Supp. 2d 835, 851 (E.D. Mich. 2009) (Hood, J.), *aff'd*, 475 F. App'x 51 (6th Cir. 2012).[3]

However, Kelsey also claims that the trial judge relied on inaccurate information at sentencing. Kelsey argues that the judge's finding that Kelsey sexually penetrated either of the victims, in order to score 25 points under OV 11 of the sentencing guidelines, was based on false or inaccurate information. Kelsey also argues that the judge used inaccurate information, namely, allegations that Kelsey held the victims with a knife, as justification to depart above the sentencing guidelines.

---

[3]     Michigan's Sentencing Guidelines, unlike the federal sentencing guidelines, only provide for a minimum sentence; the maximum is determined by statute. *See, e.g., Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010).

A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. at 741 (stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law). In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F.2d 343, 345–46 (6th Cir. 1974); *Welch v. Burke*, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999) (Cleland, J.). Where a petitioner fails to demonstrate in his petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987) (Cohn, J.).

At Kelsey's initial sentencing on February 21, 2023, his trial counsel objected to the scoring of several offense variables under the Michigan Sentencing Guidelines relating to the use of a knife by Kelsey. ECF No. 8-3, PageID.179. Counsel indicated that Kelsey never admitted to the police to using a knife nor was any weapon recovered. *Id.* Counsel acknowledged that even if these offense variables were rescored, Kelsey's sentencing guidelines would remain the same. *Id.* PageID.180. Although the prosecutor believed that there was evidence to support these

8

guidelines, he agreed with the judge that these offense variables should be rescored at zero because it would not affect Kelsey's sentencing guidelines range. *Id.* PageID.180–81. The judge later asked Kelsey and his counsel if the pre-sentence investigation report was factually correct. Kelsey replied that he did not think it was factually correct. The prosecutor actually agreed to strike from the pre-sentence report references to a third potential victim, Kelsey's brother, who did not want to prosecute Kelsey. *Id.* PageID.182–84.

At the subsequent hearing on the motion to correct sentence, the prosecutor conceded that OV 11 should have been scored at zero points for penetration for AK, but that this offense variable had been correctly scored at 25 points for JB. ECF No. 8-7, PageID.259, 261–62. Kelsey's appellate counsel argued that Kelsey denied sexually penetrating JB. Appellate counsel noted that the only possible evidence of penetration with JB came from her forensic interview, when in response to a question of whether Kelsey's hands or fingers touched the inside or outside of her private area (genitals) she answered "both." *Id.* PageID.262–63; (citing J.B. Forensic Interview, at 21:00); *see also* PSIR, ECF No. 11, PageID.397.

Counsel said he listened to the forensic interview with JB and did not hear her make that remark. ECF No. 8-7, PageID.262–64. Counsel also argued that there was no evidence that both victims had been cut with a knife by Kelsey. *Id.* The prosecutor argued there was sufficient

evidence to score points for penetration involving JB and even originally for AK, although after speaking with AK, the prosecutor indicated she was now denying any penetration. *Id*. PageID.264–65. The judge rejected counsel's argument and indicated he would continue to score 25 points for sexual penetration for OV 11 for JB, leaving the guidelines for her offense at 43 to 86 months. The judge did rescore OV 11 at zero points for AK, reducing the guidelines to 36 to 71 months. In light of the fact that the judge had departed above the sentencing guidelines range, he gave appellate counsel the opportunity to argue that Kelsey should be re-sentenced. *Id*. Page ID. 265.

Counsel argued that the court erred in departing above the guidelines in light of the fact that there was now only one incident of sexual penetration. Counsel acknowledged that the court had not relied on multiple sexual penetrations to depart above the guidelines range but indicated that the judge had used the fact that Kelsey had cut both victims to depart above the sentencing guidelines range, arguing that "We know now that this is not the case and defendant denies that." *Id*. PageID.266. Counsel argued that the judge should not have departed above the sentencing guidelines range with respect to JB when there was no evidence Kelsey had cut her with a knife. Counsel also argued that regarding AK, "there seems to be an alarming lack of exploration into the details surrounding the allegation of cutting." Counsel argued that there

was simply insufficient evidence that Kelsey cut AK with a knife. *Id.* PageID.267.

The judge rejected Kelsey's motion for re-sentencing, finding that there was evidence that a knife was used by Kelsey on AK, so he believed that his deviation from the sentencing guidelines for the offense involving AK was appropriate. The judge without much discussion indicated that he believed it was appropriate to depart upwards from the sentencing guidelines regarding JB's sentence. *Id.* PageID.269–70.

Kelsey contends that the trial court erred in scoring OV 11 of the Michigan Sentencing Guidelines and/or in departing above the sentencing guidelines range, because the evidence relied upon by the trial court was disputed. However, this argument is insufficient to establish that Kelsey was sentenced on the basis of material false information in violation of his right to due process under *Townsend* and *Tucker*. Kelsey merely disagrees with the factual findings made and inferences drawn by the trial judge both at the sentencing and again in denying Kelsey's motion for re-sentencing. However, as the Supreme Court clearly indicated in *Townsend*, an alleged error by a sentencing court in resolving a disputed factual question at sentencing does not constitute reliance on materially false information:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes

11

> are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741.

"Thus, what is essential is that the sentencing judge decide upon the sentence after being made aware of all exculpatory evidence and of the defendant's version of the story." *United States v. Von Sultzer*, 532 F. Supp. 584, 586 (D. Nev. 1982). Moreover, because the trial court's factual findings at sentencing and at the hearing on the motion to correct the sentence were based upon reasonable inferences from the evidence, including the pre-sentence report, Kelsey has failed to show that he was sentenced based on inaccurate information. *Skrzycki v. Lafler*, 347 F. Supp. 2d 448, 457 (E.D. Mich. 2004) (Gadola, J.).

Kelsey further argues in his first claim of error that his trial counsel was ineffective for failing to object to the scoring of Offense Variable 11 of the Michigan Sentencing Guidelines.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's

behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, a petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.* (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

In light of the fact that the trial court judge indicated that he would have departed above the sentencing guidelines range and imposed the same sentence even if counsel had objected to the scoring of OV 11 of the sentencing guidelines, counsel's failure to do so did not prejudice Kelsey, so as to entitle Kelsey to relief on his ineffective assistance of counsel claim. *See U.S. v. Kirkham,* 295 F. App'x 910, 913 (10th Cir. 2008); *Gibbons v. McCullick*, No. 2:16-CV-13992, 2017 WL 1543603, at \*5 (E.D. Mich. Apr. 28, 2017) (Hood, C.J.) ("In light of the fact that the trial court

13

would have departed above the sentencing guidelines range and imposed the same sentence even if counsel had been more effective in objecting to the scoring of the guidelines variables, counsel's purported failure to do so did not prejudice petitioner.").

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus, ECF No. 1, is **DENIED**.

The Court **FURTHER DENIES** a certificate of appealability to Kelsey. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. The Court denies Kelsey a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.

14

**V. ORDER**

Based upon the foregoing, **IT IS ORDERED** that the Petition for a

Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is

**DENIED**.

**IT IS SO ORDERED.**


Dated: June 22, 2026                    s/Terrence G. Berg_____
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

15